UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60912-CIV-COHN/SELTZER

DANIEL MILLER SOLOMON,

      Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,[1]

      Defendant.

_____/

**ORDER GRANTING PETITION FOR ATTORNEY'S FEES
UNDER 42 U.S.C. § 406(b)(1)**

**THIS CAUSE** is before the Court on Plaintiff's Petition and Affirmation for

Attorney Fees Under 42 U.S.C. § 406(b)(1) [DE 22] ("Petition").  The Court has carefully

reviewed the Petition, Defendant's Response [DE 23], and the record in this case, and

is otherwise fully advised in the premises.

On November 18, 2011, the Court awarded Plaintiff $2,692.50 in attorney's fees

pursuant to the Equal Access to Justice Act ("EAJA"), following the Court's remand of

this case for further administrative action by the Commissioner of Social Security.

See DE 20 (Order Granting Appl. For Att'y Fees Under the EAJA); DE 21 (Final J. For

Fees and Costs).[2]  On remand, the Commissioner found Plaintiff to be disabled and

awarded him past-due benefits totaling $114,221.90.  See DE 22-2 at 6-7.  Based on

this award, Plaintiff's counsel now seeks to recover $12,000.00 in attorney's fees under

---

[1]  Ms. Colvin has been automatically substituted as the Defendant in this action,
in place of former Commissioner Michael J. Astrue.  See Fed. R. Civ. P. 25(d).

[2]  Plaintiff assigned these fees to his counsel in accordance with their retainer
agreement.  See DE 22-2 at 2.

a contingent-fee agreement with Plaintiff.  See DE 22-2 at 2; 42 U.S.C. § 406(b)(1)(A)

(authorizing a reasonable fee award "not in excess of 25 percent of the total of the past-

due benefits to which the claimant is entitled").  The Petition states that if the Court

grants the requested fees, Plaintiff's counsel "will remit the [earlier] EAJA award of

$2,692.50 directly to the Plaintiff."  DE 22 at 4, ¶ 12; see Gisbrecht v. Barnhart, 535

U.S. 789, 796 (2002) ("Fee awards may be under both [the EAJA & § 406(b)], but the

claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"

(quoting Act of Aug. 5, 1985, Pub. L. No. 99–80, § 3, 99 Stat. 186 (alteration in

original))).  Subject to counsel's transfer of the EAJA fees to Plaintiff, Defendant does

not oppose the Petition.  See DE 23.

After a careful review, the Court finds that the attorney's fees sought in the

Petition are reasonable and should be granted.  See Gisbrecht, 535 U.S. at 807-09

(holding that under § 406(b), courts must review proposed contingent-fee awards for

reasonableness).  Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  Plaintiff's Petition and Affirmation for Attorney Fees Under 42 U.S.C. § 406(b)(1)

    [DE 22] is **GRANTED**;

2.  Plaintiff's counsel shall recover $12,000.00 in attorney's fees, payable out of the

    past-due benefits awarded to Plaintiff by the Commissioner; and

3.  Within 30 days after receiving these fees, Plaintiff's counsel shall remit directly to

    Plaintiff the $2,692.50 in attorney's fees previously awarded under the EAJA.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 11th day of June, 2013.

JAMES I. COHN
United States District Judge

Copies to:

Counsel of record via CM/ECF